IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Michael L. PACK,  :  | |
|     Plainitiff  : | |
| : | |
| v.  : | CIVIL NO. L-06-1639 |
| : | |
| : | |
| Baltimore City Police Department,  : | |
|     Defendant | |
| | |
| Officer James L. Gomez, | |
|     Defendant | |

**MEMORANDUM**

Now pending is the Motion to Dismiss filed by Defendants Baltimore Police Department ("Department") and Officer James L. Gomez ("Gomez"). The matter has been fully briefed, and no hearing is necessary. See Local Rule 105.6 (D. Md. 2004). For the following reasons, and by separate Order, the Court will GRANT Defendants' Motion and DISMISS Mr. Pack's case.

**I      BACKGROUND**

In a handwritten complaint dated June 26, 2006, Mr. Pack filed suit against Officer Gomez and the Department based on what he contends was an improper investigation of his bicycling accident of June 9, 2006.[1] On that date, Pack was struck by an automobile while biking across West Saratoga Street in Baltimore.[2] He was injured and required medical treatment. Officer Gomez investigated the accident. He interviewed Pack and the driver of the automobile, and he

---

[1] Because Pack is a pro se litigant, the Court has construed his complaint broadly. See Haines v. Kerner 404 U.S. 519, 520 (1972).

[2] According to his own former counsel's assessment, which Pack attaches to his complaint, Pack should have yielded to driver.

issued the driver a citation.[3]  Pack then filed this suit.

**II     ANALYSIS**

The Court construes Pack's complaint, which is not a model of clarity, as a suit under 42 U.S.C. § 1983.  Pack makes three contentions: that Officer Gomez should have cited the driver for hit and run[4] and issued an AMBER alert,[5] and that Gomez (and the Department) "covered up" the true facts of the accident.

The Court begins with the claim against the Department.  The Court will assume arguendo that the Department is a juridical entity capable of being sued.  See Chin v. City of Baltimore, 241 F. Supp. 2d. 546, 548, n.1 (D. Md. 2003).  Even so, there is no basis for predicating liability against it.  Because there is no respondeat superior liability under § 1983, the Department, as Gomez's employer, is not automatically liable for Gomez's acts, even those acts occurring during the normal course of his duties.  Id. at 549 (citing Monell v. New York Dep't of Social Services, 436 U.S. 658, 694 (1978)).  Nor can the Department be liable in its own right, as Pack does not allege that the "cover up" was part of an official municipal policy or custom.  Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999).  Accordingly, no basis exists for imposing liability upon the Department.

Pack's claims against Gomez must also be dismissed.  Gomez's investigative and charging

---

[3] The parties do not identify the driver, nor do they mention the offense with which the driver was cited.

[4] Maryland's hit and run statute, Md. Transp. Code Ann. § 20-102 (West 2006), requires drivers who are involved in accidents to "immediately stop their vehicle" and "return to and remain at the scene."  Contrary to Pack's claim, the driver apparently complied with Maryland law, as Officer Gomez interviewed and cited the driver at the accident site.

[5] AMBER stands for "America's Missing: Broadcast Emergency Response."  Police departments broadcast AMBER Alerts, which are aired descriptions of abducted children and their suspected abductors.  The Alerts have nothing to do with automobile accidents.

decisions were part of his discretionary duties.  Pack has no right to have the officer's discretion exercised in his favor.[6]  Baker v. McCollan, 443 U.S. 137, 146 (1979) (dismissing a § 1983 suit that contended that the police failed to investigate the plaintiff's claim of innocence).

Finally, the Court must also dismiss Pack's claim of a cover-up.  A police cover-up can violate due process, but only when "state officials wrongfully and intentionally conceal information crucial to a person's ability to obtain redress through the courts."  See, e.g., Estate of Smith v. Marasco, 318 F.3d 497, 511 (3d Cir. 2003); Swekel v. City of River Rouge, 119 F.3d 1259, 1261-64 (6th Cir. 1997).  For Pack to succeed on such a claim, he must prove that Gomez and the Department concealed the true facts concerning the accident, thereby denying him "effective" and "meaningful" access to state court for his personal injury suit.  City of River Rouge, 119 F.3d at 1263.  Pack can claim no such deprivation here because nothing prevents Pack from pursuing a state tort action against the driver who allegedly harmed him.

**V      CONCLUSION**

For the reasons stated, and by separate order, the Court will GRANT Defendants' Motion and DISMISS Pack's Complaint.


Dated this 21st day of November, 2006.

                                                     /s/

                                      Benson Everett Legg
                                      Chief Judge

---

[6]   Even assuming a constitutional violation, Gomez would nevertheless be entitled to qualified immunity.  See  Doe v. Broderick, 225 F.3d 440, 453 (4th Cir. 2000).